**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RUBY L. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2449-KHV |
| CAVALRY SPV I, LLC, ) | |
| et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff brings suit against Cavalry SPV I, LLC and Cavalry Portfolio Servs., LLC ("the Cavalry Defendants"), Sprint Spectrum LP and Sprint Nextel Corporation, alleging violations of the Federal Communications Act, 47 U.S.C. § 201 et seq., the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, the Missouri Merchandising Practices Act, RS Mo. § 407.020, et seq., the Kansas Unfair Trade And Consumer Protection Act, K.S.A. § 50-626 et seq. Plaintiff also alleges state common law claims of fraud, defamation and outrage. This matter comes before the Court on the Cavalry Defendants' Motion To Dismiss (Doc. #39) filed September 29, 2006. For reasons set forth below, the Court finds that the motion should be overruled.

Procedural History

Plaintiff filed her complaint on October 14, 2005. Pursuant to Rule 4(m), she had 120 days to serve defendants. The time period expired February 11, 2006. On January 30, 2006, plaintiff mailed to both Cavalry defendants requests for "Waiver of Service of Summons." On February 3, 2006, plaintiff filed returns of summons on each original defendant. See Doc. ## 2, 3, 4. On

-1-

February 21, 2006, Magistrate Judge James P. O'Hara sustained the unopposed motion of Sprint Communication Company, L.P ("Sprint Communications") for an extension of time to March 23, 2006 to file an answer or otherwise plead. See Doc. #6.

On March 22, 2006, Judge O'Hara ordered plaintiff to show cause on or before April 3, 2006, why the case should not be dismissed for lack of prosecution under Fed. R. Civ. P. 41(b). See Doc. #7. The order stated that two of the three defendants had been served on February 3, 2006 and that defendants had not filed an answer. On March 23, 2006, Judge O'Hara granted the second unopposed motion of Sprint Communications for an extension of time to answer or otherwise respond, until April 7, 2006 . See Doc. #9.

On March 30, 2006, plaintiff filed a response to the show cause order stating that all defendants were served on February 3, 2006. Plaintiff further noted that on February 21, 2006 the Court had granted Sprint Communications an extension of time to March 23, 2006 to answer or otherwise respond. Plaintiff asserted as follows:

> The record shows a failure to defend, not a failure to prosecute. Rule 41(b) speaks of a failure to prosecute. It seems unreasonable to tar Plaintiff with a failure to prosecute for failing to move for a default judgment against Cavalry SPV I, LLC and Cavalry [not Calvary] Portfolio Services, LLC, immediately upon the expiration of their time to answer, or opposing Sprint's motions to extend time to answer. Plaintiff had thought that motions to resolve the claims against the "Cavalry" Defendants could be filed, if they remained in default, at about the time when the claims against Sprint were resolved by settlement or trial.

Response To Order To Show Cause (Doc. #11) filed March 30, 2006 at 2. Plaintiff noted that Sprint Communications had requested extensions of time while the parties negotiated a possible settlement. Plaintiff argued that two of the three defendants had failed to respond to service, and that dismissal for failure to prosecute would therefore be "absurd." Id.[1]

---

[1] On April 6, 2006, plaintiff filed an amended complaint against the Cavalry (continued...)

On April 7, 2006, the Cavalry defendants entered a limited appearance to reply to plaintiff's response, asserting that service upon them was insufficient and that the Court should dismiss the action with prejudice for failure to prosecute under Fed. R. Civ. P. 41(b). The Cavalry defendants asserted that the returns of service purported to show that plaintiff served them through a registered agent appointed to receive service of process in Delaware, not in Kansas. The Cavalry defendants noted that Kansas law allows a plaintiff to effect service on a foreign corporation through service of its registered agent, but only if the corporation has designated a registered agent "in this state." K. S. A. § 17-7301(b)(5). On September 29, 2006, the Cavalry defendants filed the instant motion to dismiss for failure to effect proper service.

## Analysis

The Cavalry defendants ask the Court to dismiss plaintiff's claims with prejudice, arguing that service was insufficient because plaintiff did not properly serve them under Kansas, Delaware or federal law and plaintiff did not obtain timely waivers of service of process. Rule 4(h), Fed. R. Civ. P

Rule 4(m), Fed. R. Civ. P., requires that plaintiff serve the summons and complaint within 120 days after filing of the complaint. Rule 4(m) directs the Court to dismiss the action without prejudice if the deadline is not met or – if plaintiff shows good cause for the failure – order that service be effected within a specified time.

Where plaintiff seeks an extension of time to serve defendant, the preliminary inquiry under Rule 4(m) is whether plaintiff has shown good cause for the failure to timely effect service. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). If good cause is shown, plaintiff is

---

[1](...continued)
defendants, Sprint Spectrum, LP and Sprint Nextel Corporation.

entitled to a mandatory extension of time. If plaintiff does not show good cause, the Court must consider whether a permissive extension of time is warranted or whether the case should be dismissed without prejudice. Id. Even where good cause is not shown, courts prefer to decide cases on their merits rather than on technicalities. See McCormick v. Medicalodges, Inc., No. 05-2429 2006, WL 1360403, at * 1 (D. Kan. May 17, 2006) (citing Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).

In this case, the 120-day time period for plaintiff to obtain service expired February 11, 2006. On February 13, 2006, the Cavalry defendants each executed a waiver of service of process. Each waiver clearly states that a party who signs the waiver retains "all defenses and objections *(except any relating to the summons or to the service of the summons*) and may later object to the jurisdiction of the court or to the place where the action has been brought." See Doc. ## 39-15, 39-16 (emphasis added).

In evaluating whether untimely waiver of service should be recognized in this case, the Court is necessarily mindful of the fact that on proper motion, it could have granted a permissive extension of time even if plaintiff had not shown good cause for her failure to make timely service. See Hunsinger v. Gateway Mgmt. Assocs., 169 F.R.D. 152, 155 (D. Kan. 1996). Several factors would have guided this inquiry, including whether defendants would have been prejudiced by an extension, whether defendants were on notice of the lawsuit, and whether the applicable statute of limitations would bar the refiled action. Espinoza, 52 F.3d at 842 (quoting Fed. R. Civ. P. 4(m) advisory committee note (1993)); Booker v. Merck Human Health, Inc., No. 99-2069, 2000 WL 382000, at *3 (D. Kan. Jan. 19, 2000). At this point, dismissal of the complaint might bar some of plaintiff's claims. This fact counsels against dismissal. Moreover, defendants have been on notice of plaintiff's lawsuit since it commenced, and they have not suffered prejudice by plaintiff's delay in

service. Under these circumstances, the Court finds that the waiver of service executed two days after the 120-day deadline should be recognized as sufficient to defeat defendants' motion. The Court therefore overrules defendants' motion to dismiss. The Court regrets the delay in this case and directs the magistrate to expedite all further proceedings.

**IT IS THEREFORE ORDERED** that the Cavalry Defendants' Motion To Dismiss (Doc. #39) filed September 29, 2006 be and hereby is sustained.

Dated this 1st day of March, 2007, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge